JOCELYN BURTON, SBN 135879
SCOTT NAKAMA, SBN 296732
**BURTON EMPLOYMENT LAW**
1939 Harrison Street, Suite 400
Oakland, CA 94612
Ph: (510) 350-7025
Fax: (510) 473-3672
jburton@burtonemploymentlaw.com
snakama@burtonemploymentlaw.com

Attorneys for Plaintiff ELIAS NASIRI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS NASIRI, individually, and on behalf of the general public, and as an "aggrieved employee" under the California Labor Code Private Attorney Generals Act,<br><br>Plaintiff,<br><br>vs.<br><br>T.A.G. SECURITY PROTECTIVE SERVICES, INC.; GABRIELA LOPEZ, as a director of T.AG. SECURITY PROTECTIVE SERVICES, INC.; ANTHONY MURGA, as a director of T.A.G. SECURITY PROTECTIVE SERVICES, INC.; and PERSONNEL STAFFING GROUP, LLC d/b/a KBS Staffing, Inc.<br><br>Defendants. | Case No.: 5:18-cv-01170 NC<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES<br><br>1. FAILURE TO PAY OVERTIME – PAGA<br>2. FAILURE TO PROVIDE OVERTIME – 29 U.S.C. § 207<br>3. FAILURE TO PROVIDE REST AND MEAL BREAKS – PAGA<br>4. FAILURE TO PAY TIMELY WAGES – LABOR CODE § 204 – PAGA<br>5. FAILURE TO FURNISH COMPLETE AND ACCURATE ITEMIZED WAGE STATEMENTS –  LABOR CODE § 226-PAGA<br>6. FAILURE PAY ALL WAGES DUE UPON TERMINATION – LABOR CODE § 203<br>7. FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES – LABOR CODE § 2802<br>8. SPLIT SHIFT PREMIUM- IWC ORDER- PAGA<br>9. BUSINESS & PROFESSIONS CODE § 17200 et seq.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Elias Nasiri (hereinafter "Plaintiff") respectfully alleges as follows:

**PRELIMINARY STATEMENT**

SECOND AMENDED COMPLAINT, NASIRI v. T.A.G. SECURITY PROTECTIVE SERVICES, INC., Case No.  5:18-cv-01170 NC

1

Plaintiff brings this action for monetary damages, injunctive relief and statutory and civil penalties under the Federal Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA") and the California Labor Code. Plaintiff seeks redress for injuries that he and other aggrieved employees sustained from violations of the FLSA and the California Labor Code by Defendants T.A.G. Security Protective Services Inc. ("T.A.G. Security"), Gabriela Lopez as a director of T.A.G. Security, Anthony Murga as a director of T.A.G. Security and Personnel Staffing Group, LLC d/b/a KBS Staffing, Inc.'s ("KBS Staffing") (collectively "Defendants"), of the FLSA and the California Labor Code.

## JURISDICTION

1. The Court has jurisdiction over this action under 29 U.S.C. § 216(b) and 217 and under 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over the related state claims under 28 U.S.C. § 1367. Plaintiff's claims pursuant to the FLSA and the California Labor Code are related, as all of Plaintiff's claims share common operative facts. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

3. The United States District Court for the Northern District of California is the proper venue under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in Santa Clara, California.

## INTRADISTRICT ASSIGNMENT

4. This case should be assigned to the San Jose Division of the Northern District of California under Civil Local Rule 3-2 because a substantial part of the events or omissions giving rise to these claims occurred in Santa Clara County, California.

///

## PARTIES

5. Plaintiff was at all times relevant herein employed in California and was an "employee" as defined by 29 U.S.C. § 203(e), the California Labor Code and applicable Wage Order(s) of the Industrial Welfare Commission ("IWC").

6. At all relevant times herein, Defendant T.A.G. Security was a California corporation located in Santa Clara, California. On or about February 22, 2019, T.A.G. Security filed a Certificate of Dissolution with the California Secretary of State. Defendant T.A.G. Security is an employer as defined by 29 U.S.C. § 203(d), the California Labor Code and applicable IWC Wage Order(s).

7. At all relevant times herein, Defendant Gabriela Lopez was a director of Defendant T.A.G. Security. Plaintiff is informed and believes that assets of Defendant T.A.G. Security have been distributed to Defendant Gabriela Lopez.

8. At all relevant times herein, Defendant Anthony Murga was a director of Defendant T.A.G. Security. Plaintiff is informed and believes that assets of Defendant T.A.G. Security have been distributed to Defendant Anthony Murga.

9. Defendant KBS Staffing is a limited liability corporation located in Bakersfield California. Defendant KBS Staffing is an employer as defined by 29 U.S.C. § 203(d), the California Labor Code and the applicable Wage Orders.

10. Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants was acting as the agent, servant, employee, partner, and/or joint venturer of and was acting in concert with each of the remaining Defendants in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture, and/or concerted action. Each Defendant, in doing the acts

alleged, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

## GENERAL ALLEGATIONS

11. At all relevant times, T.A.G. Security and KBS Staffing have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1), (s)(1) because

    a.   Defendants have been engaged in a common business purpose – to make a profit by supplying employees to and operating a security service – using the same management, marketing, and employment practices;

    b.   Workers employed by Defendants have handled products, including automobiles, communication devices and office supplies, made outside of California and transported into the State; and

    c.   Since 2013, the combined annual gross volume of sales made or business done by Defendants has exceeded $500,000.

12. Plaintiff was hired by Defendants in approximately June 2015. His primary duties were to provide security services as a security guard.

13. Plaintiff and other aggrieved employees frequently worked over eight hours in a workday and forty hours in a workweek. However, Plaintiff and other aggrieved employees were not paid overtime wages when they worked over eight hours a day and/or over forty hours in a workweek.

14. Defendants required Plaintiff and other aggrieved employees to work split shifts and it failed to provide Plaintiff and other aggrieved employees with a split shift premium of their wages as required by the applicable wage order.

15. Plaintiff and other aggrieved employees were frequently denied rest and meal breaks to which they were entitled. Generally, nobody from Defendants' management ever relieved Plaintiff of duty so that he could take such a ten-minute rest break for every four hours worked, or a thirty-minute meal break for every five hours worked. Even when he was able, on his own accord and initiative, to take a meal break, that break was often cut well short of thirty minutes due to the demands of the strenuous job. Since Defendants did not relieve Plaintiff of duty, he almost never took a ten-minute rest break. In addition, Plaintiff is informed and believes that Defendants did not have meal and rest break policies. Further, Defendants never compensated Plaintiff or other aggrieved employees with an hour of "premium pay" for rest and meal breaks that were missed or interrupted.

16. Because Defendants did not pay Plaintiff and other aggrieved employees all the overtime wages they earned, and because they did not compensate them with an hour of premium pay for all rest and meal breaks not provided, Defendants failed to pay Plaintiff and aggrieved employees all wages due and owing at the close of each pay period.

17. Defendants also failed to provide Plaintiff and other aggrieved employees with complete and accurate wage statements. Instead, Defendants often paid Plaintiff and other aggrieved employees with cash.

18. During his employment, Plaintiff was not reimbursed for the use of his personal cell phone that he was required to use during his employment or for the uniform that he was required to purchase.

19. On or about December 22, 2016, Plaintiff was terminated from his employment with Defendants. Defendants failed to provide Plaintiff with his final pay when he was terminated.

Moreover, Plaintiff is informed and believes that Defendants failed to provide other aggrieved employees with their final pay upon termination or within 72 hours of resignation.

### PRIVATE ATTORNEYS GENERAL ACT ALLEGATIONS

20. The Labor Code Private Attorneys General Act of 2004 ("PAGA"), as set forth at Labor Code section 2698 et seq., is and at all times relevant, was applicable to Plaintiff's employment with Defendants.

21. Pursuant to Labor Code section 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code section 2699.3.

22. Plaintiff was employed by Defendants, and the alleged violations were committed against him in relation to his employment with Defendants. Plaintiff is, therefore, an aggrieved employee as defined by Labor Code section 2699(c). Other employees, current and former, are also aggrieved employees in that one or more of the alleged violations were also committed against them in relation to their employment with Defendants.

23. Pursuant to Labor Code section 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Furthermore, any employee who prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs.

24. Pursuant to Labor Code section 2699.3, an aggrieved employee may pursue a civil action under the PAGA after the following requirement have been met:

SECOND AMENDED COMPLAINT, NASIRI v. T.A.G. SECURITY PROTECTIVE SERVICES, INC., Case No. 5:18-cv-01170 NC

6

      a.    The aggrieved employee has provided written notice by online filing to the LWDA and by certified mail to the employer (hereinafter "Employee's Notice") of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations; and

      b.    The LWDA has provided notice (hereinafter "LWDA's Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the aggrieved employee's claims.  Upon receipt of the LWDA's Notice, or if the LWDA does not provide such Notice within 65 calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

25.    On May 4, 2017, Plaintiff provided written notice by online filing to the LWDA and by certified mail to T.A.G. Security of specific provisions of the Labor Code alleged to have been violated by T.A.G. Security, including the facts and theories to support the alleged violations.

26.    On November 20, 2017, Plaintiff provided written notice by online filing to the LWDA and by certified mail to KBS Staffing of specific provisions of the Labor Code alleged to have been violated by KBS Staffing, including the facts and theories to support the alleged violations.

27.    As of February 22, 2018, the LWDA has not provided Plaintiff with written notice that it intends to investigate the alleged violations of the Labor Code.  Accordingly, Plaintiff has satisfied the administrative prerequisites under Labor Code section 2699.3 to bring a civil action to recover civil penalties under the PAGA, in addition to other remedies.

SECOND AMENDED COMPLAINT, NASIRI v. T.A.G. SECURITY PROTECTIVE SERVICES, INC., Case No.  5:18-cv-01170 NC

7

28. Pursuant to Labor Code section 2699.3(d), the aforementioned 65-day "exhaustion period" is not counted as part of the time limited for the commencement of a civil action to recover civil penalties under the PAGA.

**FIRST CAUSE OF ACTION**
**VIOLATION OF LABOR CODE SECTION 510**
**(Failure to Pay Overtime – PAGA)**
**Against Defendants**

29. Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 above as though fully set forth.

30. Pursuant to Labor Code section 510, "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

31. During the relevant time period, Defendants failed to pay Plaintiff the overtime wages due and owing.

32. Labor Code § 558 provides as follows:

> (a) Any employer or other persons acting on behalf of an employer who violates or causes to be violated, a section of this chapter or any provision regulating hours and days of work in this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
>
> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

33. Plaintiff has been injured and requests relief. Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of himself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

## SECOND CAUSE OF ACTION
### VIOLATION OF 29 U.S.C. § 207
### (Failure to Pay Overtime – FLSA)
### Against Defendants

34. Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 above as though fully set forth.

35. During the relevant time period, Defendants violated 29 U.S.C. §§ 207(a)(2), 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours without compensating the employees for hours worked in excess of forty at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Plaintiff routinely worked more than forty hours a week, but Defendants did not compensate him at time and one-half the regular rate at which he was employed for all hours worked in excess of forty.

36. At all relevant times, Defendants have willfully violated and continue to violate 29 U.S.C. §§ 207(a)(2), 215(a)(2). Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed Plaintiff without properly compensating him for hours worked in excess of forty per workweek.

37. Plaintiff has been injured and requests relief.

**THIRD CAUSE OF ACTION**
**VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512**
(Failure to Provide Rest and Meal Breaks – PAGA)
**Against Defendants**

38. Plaintiff realleges and incorporates by reference Paragraphs 1 through 26 above as though fully set forth.

39. Labor Code section 226.7 provides "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.  If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

40. Labor Code section 512(a) provides, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

SECOND AMENDED COMPLAINT, NASIRI v. T.A.G. SECURITY PROTECTIVE SERVICES, INC., Case No.  5:18-cv-01170 NC

10

41.     Plaintiff and other aggrieved employees were not provided the opportunity to take meal and rest breaks, as required.

42.     Labor Code § 558 provides as follows:

(a)  Any employer or other persons acting on behalf of an employer who violates or causes to be violated, a section of this chapter or any provision regulating hours and days of work in this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

   (1)   For any initial violation, fifty dollars ($50) for each underpaid employee for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

   (2)   For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

   (3)   Wages recovered pursuant to this section shall be paid to the affected employee.

43.     Plaintiff has been injured and requests relief.  Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of himself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

### FOURTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 204
### (Failure to Timely Pay Wages – PAGA)
### Against Defendants

44.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 as though fully set forth.

45.     Labor Code section 204 provides "[a]ll wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for

between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

46. During the relevant time period, Defendants failed to pay Plaintiff in a timely manner his wages earned, in violation of Labor Code section 204.

47. Pursuant to Labor Code section 218.5, in any action brought for the nonpayment of wages, fringe benefits, or health and welfare pension fund contributions, a prevailing plaintiff shall be entitled to an award of attorney's fees and costs if requested upon the initiation of the action.

48. Plaintiff has been injured and requests relief. Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of himself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 226(a), 226.3**
**(Failure to Furnish Complete and Accurate Itemized Wage Statements – PAGA)**
**Against Defendants**

49. Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 above as though fully set forth.

50. Labor Code section 226(a) provides "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing [. . .] (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, [. . .] (4) all deductions, provided that all deductions make on written orders of the employee may be aggregated and shown

SECOND AMENDED COMPLAINT, NASIRI v. T.A.G. SECURITY PROTECTIVE SERVICES, INC., Case No. 5:18-cv-01170 NC

12

on one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer [. . .] and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee[.]"

51.     An employee suffering injury as the result of a knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

52.     An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) through (9), inclusive, of subdivision (a) of Labor Code section 226 and the employee cannot promptly and easily determine from the wage statement alone:  (i) the amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a); (ii) which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period; (iii) the name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employee during the pay period; and (iv) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.  Labor

Code § 226(e)(2)(A), (e)(2)(B)(i)-(iv). "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information. Labor Code § 226(e)(2)(C).

53. During the relevant time period(s) and as set forth above, Defendants failed to provide accurate and complete itemized wage statements to Plaintiff, in violation of Labor Code section 226(a).

54. Labor Code section 226.3 provides the following in pertinent part: "[a]ny employer who violates subdivision (a) Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

55. Defendants failed to provide Plaintiff wage deductions statements and failed to keep the records required by Labor Code section 226(a).

56. Wherefore, Plaintiff has been injured as set forth above and requests damages and relief as hereafter provided. Plaintiff also hereby requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of himself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

### SIXTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE §§ 201, 202
### (Failure to Pay All Wages Upon Termination - PAGA)
### Against Defendants

57. Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 as though fully set forth.

SECOND AMENDED COMPLAINT, NASIRI v. T.A.G. SECURITY PROTECTIVE SERVICES, INC., Case No. 5:18-cv-01170 NC

58. At all relevant times set forth, California Labor Code § 201 and 202 provide the if an employer discharges an employee, the wages earned and unpaid at the time of discharge and due and payable immediately, and if an employee voluntarily leaves his or her employment, his or her wages, will become due by seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

59. During the relevant time period, Defendants willfully failed to pay Plaintiff and other employees their wages, earned and unpaid, either at the time of discharge or within seventy-two (72) hours of their leave Defendants' employ.

60. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, under §§ 201 and 203, then the wages of the employee will continue as a penalty from the due date, at the same rate until paid or until an action is commenced, but wages will not continue for over thirty (30) days.

61. Under Labor Code section 218.5, in any action brought for the nonpayment of wages, fringe benefits, or health and welfare pension fund contributions, a prevailing plaintiff shall be entitled to an award of attorney's fees and costs if requested upon the initiation of the action.

62. Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter provided. Plaintiff also hereby requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of himself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

///

///

///

### SEVENTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE §§ 2802
### (Failure to Reimburse for Business Expenses - PAGA)
### Against Defendants

63. Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 as though fully set forth.

64. California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

65. As set forth above and during the relevant time period, Defendants failed to indemnify and reimburse Plaintiff and California employees for all necessary expenditures or losses incurred in direct consequence of discharge of duties, or of obedience to the directions of Defendants.

66. Wherefore, Plaintiff has been injured and request relief as provided. Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of himself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

### EIGHTH CAUSE OF ACTION
### VIOLATION OF INDUSTRIAL WAGE COMMISSION ORDER 4-2001(4)(C)
### (Failure to Pay Wages for Split Shifts- PAGA)

67. Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 as though fully set forth.

68. Industrial Welfare Commission Order 4-2001(4)(C) provides:

> When an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment.

69. As set forth above and during the relevant time period, Defendants failed to pay Plaintiff and California employees split shift premiums when they were required to work split shifts.

70.  Wherefore, Plaintiff has been injured and request relief as provided.  Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of himself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

### NINTH CAUSE OF ACTION
**VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.***
**Against Defendant**

71.  Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 as though fully set forth.

72.  Defendants' conduct, as alleged, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and to the general public, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

73.  Defendant's activities, as alleged here, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*

74.  A violation of California Business & Professions Code §§ 17200 *et seq.* may be predicated on the violation of a state or federal law.  Defendant's policies and practices of failing to 1) pay them overtime, 2) provide them with required breaks, 3) provide them with legally compliant wage statement, 4) reimburse them for reasonable business expenditures, 5) provide them with split shift premiums, and 6) pay them promptly upon termination of employment, violate the Federal Labor Standard Act, California Labor Code §§ 201, 202, 204, 226(a), 226.7, 510, 512, and 1182.12, the relevant wage orders and constitute unfair business practices in violation of California Business & Professions Code §§ 17200 *et seq.*

75. Plaintiff has been injured by Defendant's unlawful business acts and practices as alleged, including but not limited to the loss of money or property. Defendant has reaped unfair benefits and illegal profits at Plaintiff's expense.

76. Plaintiff is entitled to immediate possession of all amounts owed to Plaintiff by Defendant, with interest.

77. Defendant's unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendant account for, disgorge, and restore to Plaintiff the compensation unlawfully withheld from Plaintiff.

## JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

As to the First Cause of Action:

1. For unpaid wages, prejudgment interest, reasonable attorney's fees and costs of suit under Labor Code §§ 218.5, 1194(a), 2699(g).

2. For statutory penalties, including those available under Labor Code section 203;

3. For civil penalties under Labor Code § 2699(a); and

4. For such other and further relief as the court deems just and proper.

As to the Second Cause of Action:

1. For unpaid overtime wages, liquidated damages, equitable relief, and reasonable attorneys' fees and costs under 29 U.S.C. § 216(b);

2. For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

3. For such other and further relief as the Court deems just and proper.

As to the Third Cause of Action:

1. For unpaid wages and penalties pursuant to Labor Code § 558;

2. For attorneys' fees and costs pursuant to Labor Code §§ 218.5, 2699; and

3. For such other and further relief as the court deems just and proper.

As to the Fourth Cause of Action:

1. For civil penalties under Labor Code § 2699(a);

2. For attorneys' fees and costs under Labor Code § 2699(g); and

3. For such other and further relief as the court deems just and proper.

As to the Fifth Cause of Action:

1. Damages under Labor Code § 226(e);

2. Civil Penalties under Labor Code §§ 226.3 and 2699(a);

3. Attorneys' fees and costs under Labor Code § 2699(g); and

4. For such other and further relief as the court deems just and proper.

As to the Sixth and Eight Causes of Action:

1. For unpaid wages, liquidated damages, prejudgment interest, reasonable attorney's fees and costs of suit under Labor Code §§ 218.5, 1194(a), 1194.2(a).

2. For statutory penalties, including those available under Labor Code section 203;

3. For civil penalties under Labor Code §§ 1197.1(a), 2699(a) and

4. For such other and further relief as the court deems just and proper.

As to the Seventh Cause of Action:

1. Reimbursement of necessary expenditures, prejudgment interest, attorneys' fees and costs under Labor Code §§ 2699(g), 2802;

2. Civil penalties under Labor Code § 2699(a); and

3. For such other relief as the court deems just and proper.

As to the Ninth Cause of Action:

1. For a declaratory judgment that Defendants violated the laws of the State of California;

2. For a monetary judgment representing compensatory damages for lost wages, together with interest on those amounts; according to proof;

3. For costs of suit and attorney's fees under Code of Civil Procedure § 1021.5; and

4. For any further relief that is just and proper.

BURTON EMPLOYMENT LAW

Dated: May 7, 2019        By:   //ss//Jocelyn Burton//ss//
                                JOCELYN BURTON
                                Attorney for Plaintiff
                                ELIAS NASIRI

SECOND AMENDED COMPLAINT, NASIRI v. T.A.G. SECURITY PROTECTIVE SERVICES, INC., Case No. 5:18-cv-01170 NC

20