UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS NASIRI,<br><br>    Plaintiff,<br><br>    v.<br><br>T.A.G. SECURITY PROTECTIVE SERVICES INC., et al.,<br><br>    Defendants. | Case No. 18-cv-01170-NC<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 119 |

In this lawsuit, plaintiff Elias Nasiri accuses Defendants of violating California and federal labor laws. Although defendant T.A.G. Security Protective Services Inc. ("T.A.G.") initially appeared, its attorney has since withdrawn and, because T.A.G. cannot represent itself in court, its answer has been stricken. *See* Dkt. No. 74. Nasiri now moves for default judgment against T.A.G. *See* Dkt. No. 119. Nasiri's motion, however, fails to adequately explain how it arrived at its damages calculation. Accordingly, the Court DENIES Nasiri's motion for default judgment without prejudice.

**I.   Background**

T.A.G. provides security services. *See* Dkt. No. 80 ("SAC") ¶ 11. Between June 2015 and December 2016, Nasiri worked for T.A.G. as a security guard. *See id.* ¶ 12, 19. During his employment, Nasiri frequently worked over eight hours per day and forty hours per week. *Id.* ¶ 13. T.A.G. failed to pay premium wages for that overtime. *Id.* ¶ 16.

1   Nasiri was required to work split shifts and was denied meal and rest breaks. *Id.* ¶¶ 14–15.

2   Over the same period, T.A.G. required Nasiri to use his personal cell phone for work

3   purposes without reimbursement. *Id.* ¶ 18.

4       On February 22, 2018, Nasiri filed suit to recover lost wages and for statutory

5   penalties under California labor laws and the Fair Labor Standards Act ("FLSA"), 29

6   U.S.C. § 207. *See* Dkt. No. 1. After T.A.G. successfully moved to dismiss the complaint

7   (*see* Dkt. Nos. 23, 36), Nasiri filed his first amended complaint on August 18, 2018. *See*

8   Dkt. No. 41. T.A.G. answered the first amended complaint on September 4, 2018. *See*

9   Dkt. No. 44.

10      On February 26, 2019, T.A.G.'s counsel sought to withdraw, noting that T.A.G. had

11  failed to pay expenses or attorneys' fees. *See* Dkt. No. 59 at 5. The Court granted the

12  motion to withdraw on April 3, 2019. *See* Dkt. Nos. 64, 70. Nasiri subsequently moved to

13  strike T.A.G.'s answer and filed a second amended complaint naming T.A.G.'s directors as

14  additional defendants. *See* Dkt. Nos. 72, 74, 80.

15      Nasiri now moves for default judgment against T.A.G. *See* Dkt. No. 119. All

16  parties have consented to the jurisdiction of a magistrate judge. *See* Dkt. Nos. 8, 21, 28,

17  108, 109.

## II. Legal Standard

Default may be entered against a party who fails to plead or otherwise defend an action and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a). After entry of default, the Court has discretion to grant default judgment on the merits of the case. Fed. R. Civ. P. 55(b); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to grant default judgment, the Court considers the following factors:

> (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The factual allegations of the complaint, except those concerning damages, are deemed admitted by the non-responding parties. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995 (N.D. Cal. 2001); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true").

## III. Discussion

"Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices." *Televideo Systems, Inc v Heidenthal*, 826 F.2d 915, 917 (9th Cir 1987) (citing *Roadway Express, Inc v Piper*, 447 U.S. 752, 764 (1980)). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Id.* at 917–18.

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Here, Nasiri requests judgment of $935,256.91 in damages for his overtime claim, meal and rest breaks claim, Private Attorney General Act ("PAGA") penalties, attorneys' fees and costs, and prejudgment interest. Nasiri, however, has not adequately proven his damages request.

To support his motion, Nasiri provided paystubs demonstrating his hourly rate and the days which he worked. *See* Dkt. No. 119-1 ("Nakama Decl."), Ex. B; Dkt. No. 119-2

3

("Nasiri Decl."). Nasiri also provided a chart purporting to show the amount of damages attributable to each claim. That chart, however, fails to explain how he arrived at each damages amount and the Court cannot discern how he arrived at each sum.

Further, a substantial bulk of Nasiri's damages claim is for prejudgment interest in the amount of $265,668.56. *See* Nakama Decl., Ex. A at 3. That amount more than triples the damages claim, which totals only $72,709. *See id.* As Nasiri recognizes, the legal rate for prejudgment interest is "10 percent per annum." Cal. Civ. Code § 3289(b). The Court cannot fathom how Nasiri arrived at his prejudgment interest calculation.

Next, Nasiri also seeks PAGA penalties for failure to provide accurate wage statements in violation of Cal. Lab. Code § 226.3 in the amount of $375,000 and for failure to reimburse reasonable business expenses in violation of § 2802 in the amount of $150,000. *See* Dkt. No. 119 at 11–12. Both requests are based on an assumption that T.A.G. employed an average of 25 employees. *Id.* In his second amended complaint, however, Nasiri did not allege that T.A.G. employed an average of 25 individuals. *Cf. Televideo*, 826 F.2d at 917–18 ("The general rule of law is that upon default the *factual allegations of the complaint* . . . will be taken as true.") (emphasis added).

Finally, Nasiri seeks $56,805 in attorneys' fees. However, Nasiri provided no information justifying the hourly rates for his attorneys or whether those rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *see also* Civil L.R. 37-4(b)(3) (requiring fee requests to "set forth an appropriate justification for any attorney-fee hourly rate claimed.").

Accordingly, the Court DENIES Nasiri's motion for default judgment.

## IV. Conclusion

The Court DENIES Nasiri's motion for default judgment. This order is without prejudice to a renewed motion that addresses the deficiencies discussed in this order.

/ / /

4

**IT IS SO ORDERED.**

Dated: March 10, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge