UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS NASIRI,<br><br>    Plaintiff,<br><br>  v.<br><br>T.A.G. SECURITY PROTECTIVE SERVICES INC., et al.,<br><br>    Defendants. | Case No. 18-cv-01170-NC<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 255 |

Plaintiff Elias Nasiri moves for an award of his attorneys' fees in the amount of $244,641.41, the total number of hours and fees expended in his case. *See* Dkt. No. 255 ("Mot."); *see also* Dkt. No. 258 ("Opp'n"). Upon considering the parties' briefs, the outcome of both trials, and the Court's observation throughout the life of this case, the Court DENIES Nasiri's motion for attorneys' fees in full.

## I. BACKGROUND

Between June 25, 2015, and December 22, 2016, Plaintiff Elias Nasiri worked as a security guard for Anthony Murga, doing business as T.A.G. Security Protective Services. Dkt. No. 250 "Findings of Fact" at 4. Defendant Anthony Murga formed T.A.G. Security Protective Services as a sole proprietorship in October 2013. *Id.* After Nasiri's employment with Murga terminated, T.A.G. Security Protective Services, Inc. became incorporated on January 11, 2017, listing Anthony Murga and Gabriela Lopez as officers.

*Id.*

On February 22, 2018, Nasiri filed suit against T.A.G. Security Protective Services, Inc. and Personnel Staffing Group, LLC ("PSG") to recover nine individual claims for lost wages and statutory penalties under California labor laws and the Fair Labor Standards Act. *See* Dkt. No. 1. He later amended the complaint naming Anthony Murga and Gabriela Lopez as additional defendants. *See* Dkt. No. 80.

This action came before the Court for a bifurcated trial. This Court held a jury trial from May 17, 2021, through May 18, 2021, to resolve Nasiri's individual labor claims against Murga (doing business as T.A.G. Security Protective Services), Lopez, and T.A.G. Security Protective Services, Inc. *See* Findings of Fact at 2. During the jury trial, Nasiri presented evidence to support the following claims: that Defendants (1) failed to pay overtime wages under Cal. Lab. Code §§ 510, 1194, and 29 U.S.C. § 207; (2) failed to pay timely wages under Cal. Lab. Code § 204; (3) failed to provide meal and rest breaks and meal break premiums under Cal. Lab. Code §§ 226.7 and 512; (4) failed to pay all wages due upon termination under Cal. Lab. Code §§ 201, 202, 203; (5) failed to reimburse necessary business expenses under Cal. Lab. Code § 2802; and (6) failed to pay split shift premiums under IWCA Order 4-2001(4)(C). *Id.*

**A.   Jury Trial**

On May 19, 2021, the jury rendered a verdict against Defendant Murga, doing business as T.A.G. Security Protective Services, and in favor of Plaintiff Nasiri that: Murga owed Nasiri wages under the terms of his employment; Nasiri's daily wage rate at the time his employment ended with Murga was $96.00 per day; that Murga did not provide Nasiri with overtime wages; that Murga's failure to pay overtime was willful; that Murga's failure to pay the full amount of wages earned by Nasiri and due on the last day of employment was willful; and that Murga failed to pay Nasiri's wages for 30 calendar days following Nasiri's last day of employment. The jury awarded Nasiri damages for unpaid overtime in the amount of $35.50 to be paid by Murga. Dkt. No. 241 ("Verdict") at 2–3.

The jury also rendered a verdict against Plaintiff Nasiri, and in favor of Defendant

Murga, doing business as T.A.G. Security Protective Services, that: Murga did not fail to provide Nasiri with meal breaks; did not fail to provide Nasiri with rest breaks; did not fail to reimburse Nasiri's incurred necessary business expenses; and did not fail to compensate Nasiri when he worked a split shift. *Id.*

### B. Bench Trial

On July 23, 2021, the Court issued findings of fact and conclusions of law after bench trial. During the bench trial, Nasiri presented evidence in support of his PAGA claims seeking civil penalties for (1) Defendants' failure to provide meal breaks under Cal. Lab. Code § 512, (2) failure to provide meal break premiums under Cal. Lab. Code § 226.7, and (3) failure to pay timely wages under Cal. Lab. Code § 204 (regarding wages owed from meal break premiums). Findings of Fact at 3–4.

At the bench trial, the Court dismissed Plaintiff Nasiri's unfair competition law claim against all defendants and the Court found that Nasiri did not have standing to pursue civil penalties under PAGA because the jury denied Nasiri's individual claim for Murga's failure to provide meal breaks, in violation of Labor Code section 512. *See* Findings of Fact at 16. Because of the jury's finding, Murga did not owe Nasiri meal break premiums under Labor Code section 226.7, nor damages for failure to pay timely wages under Labor Code section 204. *Id.*

Accordingly, the Court found that Defendants prevailed on all PAGA claims at the bench trial and did not award Nasiri damages for those claims. Thus, Plaintiff Nasiri took nothing under Cal. Lab. Code § 226.7 because Murga did not fail to provide meal breaks to Nasiri. The Court denied Nasiri's Cal. Lab. Code § 2699 PAGA claims for failure to provide meal breaks under § 512, failure to provide meal break premiums under § 226.7, and failure to pay timely wages under §204. Thus, Nasiri took nothing under § 2699 because Nasiri lacked standing to bring an action for PAGA civil penalties for violations of § 512, § 226.7, and § 204. The Court awarded Nasiri liquidated damages and statutory damages to be paid by Murga.

### C. Judgment

On July 23, 2021, this Court entered judgment, and awarded Nasiri a total of $2,951.00 payable by Murga (inclusive of the jury's award of $35.50 for unpaid overtime, $35.50 in liquidated damages for unpaid overtime under 29 U.S.C. § 216(b), and $2,880.00 in statutory damages for wait-time penalties under Cal. Lab. Code § 203). Dkt. No. 251. Judgment was also entered against Nasiri and in favor of Defendant PSG pursuant to the Court's order granting PSG's motion for summary judgment. *Id.*

On August 20, 2021, Nasiri filed two post-judgment motions: (1) a motion to alter judgment, or in the alternative, for new trial, *see* Dkt. No. 259, and (2) a third motion for default judgment as to T.A.G. Security Protective Services, Inc., *see* Dkt. No. 260. On September 16, 2021, this Court denied both motions.

Nasiri now moves for $244,641.41 in attorneys' fees. Nasiri filed a timely motion for attorneys' fees on August 6, 2021. *See* Dkt. No. 255. Defendants Murga and Lopez timely opposed the motion, and Nasiri filed a reply. *See* Dkt. Nos. 257, 258. Because the motion for attorneys' fees is only directed at Murga, the Court does not address any arguments about Lopez or her affiliated entities in this order. *See* Dkt. Nos. 261 at 2. The Court finds the motion suitable for ruling without a hearing.

## II. LEGAL STANDARD

The general rule in federal courts is that "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257 (1975). "In a pure federal question case in federal court, federal law governs attorneys' fees." *Indep. Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272, 281 (9th Cir. 2018) (internal citations omitted). "By contrast, 'so long as 'state law does not run counter to a valid federal statute or rule of court . . . state law denying the right to attorney's fees or giving a right thereto . . . should be followed.'" *Id.* (citing *MRO Communications, Inc. v. American Telephone & Telegraph Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999)) (quoting *Alyeska*, 421 U.S. at 259 n. 31).

For claims asserted under California law, "California law governs plaintiffs' motion

for fees." *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 982 (N.D. Cal. 2017); *see Klein v. City of Laguna Beach*, 810 F.3d 693, 701 (9th Cir. 2016) ("federal courts apply state law for attorneys' fees to state claims because of the *Erie* doctrine, and *Erie* does not compel federal courts to apply state law to a federal claim." (internal footnote omitted)); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). "Nevertheless, the Court may still look to federal authority for guidance in awarding attorneys' fees." *Ridgeway*, 269 F. Supp. 3d at 982 (citing *MacDonald v. Ford Motor Co.*, No. 13-cv-2988-JST, 2016 WL 3055643, at *2 (N.D. Cal. May 31, 2016)).

### III. DISCUSSION

Plaintiff Nasiri seeks an order awarding attorneys' fees to his counsel, Burton Employment Law, in the amount of $244,641.41 to be paid by Defendant Anthony Murga. *See* Mot. at 3. Nasiri asserts that he is entitled to attorneys' fees pursuant to Federal Rule of Civil Procedure 54, California Code of Civil Procedure §§ 1032, 1033.5, and California Labor Code §§ 218.5 and 1194(a). Mot. at 4; Dkt. No. 262 ("Reply") at 2.

California Labor Code section 1194(a) provides that "any employee receiving less than . . . the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation, including interest thereon, reasonable attorney[s'] fees, and costs of suit." Cal. Lab. Code § 1194(a); *see also Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244, 1248 (2012). California Labor Code section 218.5 provides that "[i]n an action brought for the nonpayment of wages . . . the court shall award reasonable attorney[s'] fees and costs to the prevailing party." Cal. Lab. Code § 218.5.

Although the jury found that Murga owed and willfully failed to provide Nasiri overtime wages in the amount of $35.50, there are several findings which preclude a full award of attorneys' fees. The principal issues are (1) whether Nasiri is in fact the prevailing party, (2) the reasonableness of the time spent by Nasiri's counsel in pursuing this case, and (3) failure to apportion the requested fees.

### A. Nasiri Is Not the Prevailing Party on All Claims

If "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). In California, a prevailing party "includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither the plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant." Cal. Code Civ. P. § 1032(a)(4).

Here, Nasiri is not the prevailing party on all his claims. Nasiri pursued nine individual claims against four defendants—Gabriela Lopez, Anthony Murga, T.A.G. Security Protective Services, Inc., and PSG—and three of those defendants successfully defeated Nasiri's individual claims. At the jury trial, the Court entered dismissal in favor of all defendants except Murga. *See* Cal. Code Civ. P. § 1032(a)(4); *see also* Dkt. No. 164; Trial Transcript Vol. 2, 225:8–21. As against Murga, although Nasiri was the party with a net monetary recovery, Nasiri only prevailed on his individual California and federal overtime claims and not any of his remaining claims.

Additionally, Nasiri pursued three PAGA claims against the same four defendants at trial, but he did not prevail on any of those PAGA claims. Thus, Nasiri is not the prevailing party for the entirety of his lawsuit. Rather, Nasiri obtained limited success and prevailed against one defendant on a single claim.

### B. Nasiri's Proposed Attorneys' Fees Are Not Reasonable

Although Nasiri prevailed on his nonpayment of overtime claim against Murga, his limited success still does not warrant an award of attorneys' fees. Whether calculating attorney's fees under California or federal law, courts follow the lodestar approach. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433, *abrogated on other grounds by Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989). The party seeking an award of fees

6

1  should submit evidence supporting the hours worked and rates claimed. *Id.*

2  Under the lodestar analysis, the Court must first determine whether Plaintiff's attorneys' billing rates are reasonable, as determined by "the prevailing market rates in the relevant community." *Blum v. Stenson*, 456 U.S. 886, 896 (1984). The market rates used in this comparison should pertain to attorneys with similar "skill, experience, and reputation" to the moving attorneys. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum*, 456 U.S. at 895 n.11). Second the Court must examine whether the hours expended on this litigation are reasonable.

After calculating the lodestar figure, the court may enhance or reduce the figure based on any of the twelve *Kerr* factors the Court did not already account for in its initial lodestar determination. *Fischer v. SJB–P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). (referencing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). "A strong presumption exists that the lodestar figure represents a reasonable fee, and therefore, it should only be enhanced or reduced in rare and exceptional cases." *Fischer*, 214 F.3d at 1119 n.4 (internal quotation marks omitted).

### 1. Fee Calculation and Hourly Rate

Nasiri's proposed fee request totals $244,641.41 and is summarized in the following table[1]:

| Name | Position | Hourly Rate | Number of Hours | Total Requested |
|---|---|---|---|---|
| Jocelyn Burton | Attorney | $575.00 | 351.58 | $202,158.50 |
| Scott Nakama | Attorney | $230.00 | 71.9 | $16,537.00 |
| Brittany Willis | Attorney | $200.00 | 98.7 | $19,740.00 |
| Mara Sackman | Attorney | $250.00 | 7.9 | $1,975.00 |

---

[1] Although the hourly rate and number of hours taken from both Plaintiff's motion and Willis' declaration are the same, Plaintiff's total calculations for Burton and Sackman are incorrect. The accurate lodestar calculation results in a lesser total figure than Plaintiff's request.

7

| Helen O'Keefe | Paralegal | $135.00 | 29.6 | $3,996.00 |
| Kirtecia Griggs | Paralegal | $135.00 | 0.8 | $108.00 |
| **TOTAL** | | | | **$244,514.50** |

*See* Dkt. No. 255-1 ("Willis Decl.") at 4.

Defendants do not challenge the billing rates for the attorneys at Burton Employment Law. *See generally* Opp'n. Based on the Court's experience, Plaintiff's billing rates are consistent with the rates charged by and awarded to similarly situated counsel and staff in this district, and Plaintiff's provided authorities support the reasonableness of the hourly rates. *See Polee v. Cent. Contra Costa Transit Auth.*, 516 F. Supp. 3d 993, 997 (N.D. Cal. 2021); *Operating Eng'rs' Health & Welfare Tr. Fund v. United RSC Gen. & Eng'g, Inc.*, No. 3:19-cv-02308-WHA, 2020 WL 3402240, at *3 (N.D. Cal. June 18, 2020). Thus, the Court finds that Burton Employment Law charged reasonable hourly rates. The reasonableness of hours expended, however, precludes an award of attorneys' fees.

### 2. Number of Hours Not Expended Reasonably

In determining the reasonableness of hours expended, the Court can reduce hours when documentation is inadequate, or when the requested hours are redundant, excessive, or unnecessary. *Hensley*, 461 U.S. at 433–34. "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The final award of attorneys' fees is within the discretion of the Court. *See Kerr*, 526 F.2d at 69.

Courts consider the following factors to the extent they are relevant to a particular case: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience,

1  reputation and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature
2  and length of the professional relations with the client, and (12) awards in similar cases."
3  *Sato v. Wachovia Mortg., FSB*, No. 5:11-cv-00810-EJD, 2013 WL 61103, at *3 (N.D. Cal.
4  Jan. 3, 2013) (quoting *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum
5  Corp.*, 791 F.2d at 1341–42 (9th Cir. 1986)); *Kerr*, 526 F.2d at 69–70.

### a. Meet and Confer Requirement

As an initial matter, Civil Local Rule 54-5(a) requires that counsel for the respective parties meet and confer for the purpose of resolving all disputed issues relating to attorneys' fees before making a motion for award of attorneys' fees. Civil L.R. 54-5(a). A statement that counsel met and conferred must be supported by declaration or affidavit. Civil L.R. 54-5(b). Willis' declaration makes no mention that there were any attempts to meet and confer with Defendants prior to filing this motion. Failure to comply with this requirement is grounds for the Court to deny the motion.

### b. Work Performed

Furthermore, the Court finds that the time Plaintiff's counsel spent on various parts of this litigation was not reasonable considering the issues in this case. The Court finds that Plaintiff's counsel did not act as reasonable and prudent lawyers when considering the low level of complexity that the questions involved. Since the start of filing this case and through the bench trial, counsel's work has been disordered and confusing; counsel did not thoroughly or timely comply with Court orders, did not clearly articulate Plaintiff's pursued and waived claims, almost pursued the wrong labor code statute at trial prior to the Court's correction, and repeatedly failed to acknowledge that Nasiri was never employed by the T.A.G. Security incorporated entity. It took much effort to clarify the relevant time periods for Nasiri's employment and his PAGA claims—a determination that is not difficult for counsel to ascertain and one which was pivotal in this case. Even this attorneys' fee motion contains errors in the total calculations. *See* Willis Decl., ¶ 14. Thus, for purposes of a fee award, the Court finds that Plaintiff's counsel did not act reasonably or prudently to advance or protect Nasiri's interests in pursuit of a successful

1  recovery. *See Moore v. James H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

2  Plaintiff's counsel argues that it "took the laboring oar" on preparing trial papers.
3  Mot. at 10. But that is only because Plaintiff had the burden at trial against pro se
4  defendants, and the Court ordered Plaintiff to provide further clarification on trial papers
5  that were not originally made clear in the first instance. In fact, each party submitted their
6  own trial readiness binders despite the Court's pretrial preparation order requiring joint
7  submissions to the Court. Any additional work Plaintiff's counsel undertook for trial
8  preparation was its own doing. Plaintiff's counsel also did not undergo significant post-
9  judgment work or defend against post-judgment motions.

### c. Time Records

Finally, counsel's time records lack sufficient detail regarding the work performed and appear inflated as a result. For example, Burton billed 2.96 hours for "statement of damages, witness list and verdict form." Willis Decl., Ex. A at 12. But the statement of damages, much to the Court's disappointment, was no more than 5 sentences long and lacked a calculated breakdown. *See* Dkt. No. 227. The one-page witness list included only the three party-witnesses in the case, *see* Dkt. No. 186, and the Plaintiff's verdict form lacked two of Nasiri's primary claims, *see* Dkt. No. 225. Similarly, on August 31, 2020, Burton billed 13.10 for "draft motion," but there is no indication about which motion Burton drafted to ascertain how long that motion should have taken. This billing practice is repeated throughout, and it makes it difficult for the Court to ascertain whether any of that work was expended on Nasiri's single successful claim or on those unsuccessful claims. Therefore, the Court finds that the hours expended was unreasonable because of counsel's failure to meet and confer, counsel's poor work performance, and insufficient billing records.

### 3. Apportionment

Plaintiff's counsel did not properly apportion the request for fees. "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440. When a plaintiff is a prevailing

party because he or she succeeded on only some claims for relief, courts conduct a two-part analysis: "First, did the plaintiff fail to prevail on claims that were unrelated to [those] on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Harman v. City and County of San Francisco*, 136 Cal. App. 4th 1279, 1307–08 (Ct. App. 2006). A trial court may "identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Sokolow v. Cty. of San Mateo*, 213 Cal. App. 3d 231, 248 (Ct. App. 1989).

Here, Plaintiff's counsel made no attempt to apportion the fees between the various claims and there is no indication that the fees could not be apportioned. At trial, Nasiri's suggested damages for each claim were as follows: overtime claims ($10,920.00); meal break violations ($2,080.00); rest break violations ($2,080.00); business expenses ($1,620.00); wages upon termination ($3,840.00); and split shift premiums ($1,820.00). Trial Transcript Vol. 2, 276:16–283:23. The jury only awarded Nasiri $35.50 for his overtime claim. For his PAGA claims, Nasiri sought $63,900.00 in total penalties, with $47,925.00 to be distributed to the LWDA and $15,975.00 distributed to the aggrieved employees. *See* Dkt. No. 247 at 19. But Nasiri did not recover on any of those PAGA claims.

As discussed above regarding counsel's billing practices, there is no indication that the work performed was in furtherance of the successful overtime claim. The time to be compensated in any award must still be "reasonable in relation to the success achieved." *Hensley*, 461 U.S. at 436. "Where the plaintiff's success on a legal claim can be characterized as purely technical or de minimis, a district court would be justified in concluding that it is so insignificant to support prevailing party status." *Texas State Tchrs. Ass'n.*, 489 U.S. at 783.

"Sometimes . . . a reasonable fee is zero, especially where the recovery is de minimis, establishes no important precedent and does not change the relationship of the parties . . . the 'most critical factor' for determining the reasonableness of the fee award is

the degree of success obtained." *Choate v. Cty. of Orange*, 86 Cal. App. 4th 312, 347 (Ct. App. 2000), *as modified on denial of reh'g* (Jan. 17, 2001) (citing *Farrar v. Hobby*, 506 U.S. at 114). Where there is sufficient basis in the record, a "plaintiff['s] de minimis recovery merit[s] a de minimis (zero) fee award." *Id.* at 326. "[T]he determination whether a victory is de minimis is generally left to the sound equitable discretion of the trial court in the first instance, 'so as to avoid a second major litigation strictly over attorneys' fees.'" *Id.*

Here, the time records provided show a lack of self-discipline in any attempts to apportion. Nasiri argues that attorneys' fees need not be apportioned between distinct causes of action where plaintiff's various claims involve a common core of facts or are based on related legal theories. Reply at 5 (citing *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 157 (Ct. App. 2006). Though that may be true, Nasiri's shared facts and legal theories are not "so inextricably intertwined that it would be impractical or impossible to separate the attorney's time." *Hoffman v. Superior Ready Mix Concrete, L.P.*, 30 Cal. App. 5th 474, 484–85 (Ct. App. 2018). For example, apportionment for Nasiri's complete lack of recovery at the bench trial would have been simple and feasible. Because the Court lacks sufficient detail to apportion or allocate counsel's time, the Court denies attorneys' fees in full.

The $244,641.41 amount requested is far out of proportion to the extremely limited value of Nasiri's successful claim. Based on the foregoing reasons, the Court finds that Nasiri's victory of $35.50 was merely de minimis, and thus undeserving of reasonable attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Nasiri's motion, and Nasiri's counsel, Burton Employment Law, is awarded zero attorneys' fees for the reasons stated above.

**IT IS SO ORDERED.**

Dated: September 16, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

12