UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS NASIRI,<br><br>            Plaintiff,<br><br>      v.<br><br>T.A.G. SECURITY PROTECTIVE<br>SERVICES INC., et al.,<br><br>            Defendants. | Case No. 18-cv-01170-NC<br><br>**ORDER DENYING<br>PLAINTIFF'S MOTION TO<br>ALTER JUDGMENT AND<br>MOTION FOR NEW TRIAL**<br><br>Re: Dkt. No. 259 |

Plaintiff Elias Nasiri filed a motion pursuant to Federal Rule of Civil Procedure 59 to alter or amend the judgment, or in the alternative, for a new trial.  Dkt. No. 259 "Mot." The Court finds this motion suitable for ruling without oral argument.  The Court DENIES Nasiri's motion to alter judgment and DENIES the motion for new trial.

The Court held a jury trial on Nasiri's individual federal and California labor claims against T.A.G. Security Protective Services, Inc., Anthony Murga, doing business as T.A.G. Security Protective Services, and Gabriela Lopez, from May 17, 2021, to May 19, 2021.  After close of Plaintiff's evidence, Defendants moved for judgment as a matter of law pursuant to Rule 50(a), and the Court granted Defendants' motion dismissing the individual claims against Defendants Gabriela Lopez and T.A.G. Security Protective Services, Inc.  TT Vol. 2, 225:8–21.  On May 19, 2021, the jury reached a unanimous verdict in favor of Nasiri on his overtime claim and awarded Nasiri $35.50 in damages to

United States District Court<br>Northern District of California

1    be paid by Defendant Murga.  Dkt. No. 241 at 2–3.  The jury found in favor of Murga on

2    all other claims.  *Id.*  The Court held a bench trial on May 19, 2021, for Nasiri's PAGA

3    claims.  In its Findings of Fact and Conclusions of Law, the Court dismissed all Nasiri's

4    PAGA claims against the Defendants and awarded Nasiri $2,880.00 in statutory damages

5    and $35.50 in liquidated damages for unpaid overtime.  Dkt. No. 251.

6        The Court entered judgment on July 23, 2021.  *Id.*  On August 20, 2021, Nasiri

7    timely filed a Motion to Alter Judgment, or in in the alternative, for New Trial.  *See* Mot.

8    Murga and Lopez filed separate briefs in opposition, *see* Dkt. Nos. 263, 264, and Nasiri

9    timely replied, *see* Dkt. Nos. 265, 266.

10   **I.    MOTION TO ALTER OR AMEND JUDGMENT**

11       **A.    Legal Standard**

12       A district court can "reconsider" final judgments or appealable interlocutory orders

13   under Federal Rule of Civil Procedure 59(e).  Fed. R. Civ. P. 59(e).  A court may alter or

14   amend a judgment under Rule 59(e) where "1) the motion is necessary to correct manifest

15   errors of law or fact upon which the judgment is based; 2) the moving party presents newly

16   discovered or previously unavailable evidence; 3) the motion is necessary to prevent

17   manifest injustice; or 4) there is an intervening change in controlling law."  *Turner v.*

18   *Burlington N. Santa Fe RR. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotes and

19   alterations omitted); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir.

20   2011) (same).  A district court enjoys considerable discretion for motions brought under

21   Rule 59(e).  *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)

22   (per curiam).

23       **B.    Discussion**

24       Nasiri argues that alteration of the judgment is warranted for the following reasons:

25   (1) that the Court erred by making factual determinations and granting Defendants' JMOL

26   motion for Nasiri's claims against T.A.G. Security Protective Services, Inc.; (2) that the

27   Court erred in finding that Nasiri lacked PAGA standing; (3) the jury's verdict is

28   inconsistent with regard to its findings on overtime and failure to pay split shift premiums;

United States District Court
Northern District of California

2

1   and (4) that the verdict[1] should be amended to add T.A.G. Security Protective Services,

2   Inc., Gabriela Lopez, and Tactical Advanced Group as judgment debtor successors to

3   Murga.  *See generally* Mot.

4       Rule 59(e) is generally seen as "an extraordinary remedy, to be used sparingly in

5   the interests of finality and conservation of judicial resources."  *Carrol v. Nakatani*, 342

6   F.3d 934, 945 (9th Cir. 2003) (citation omitted); *see also Kona Enterprises, Inc. v. Estate*

7   *of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  A party must overcome a "high hurdle" to

8   obtain relief under Rule 59(e).  *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

9   Here, Nasiri does not present such extraordinary circumstances to warrant granting his

10  motion to alter or amend the judgment.

> **1.    The Court Did Not Err in Dismissing Nasiri's Claims Against T.A.G.**
> **Security Protective Services, Inc.**

13      Nasiri argues that in dismissing T.A.G. Security Protective Services, Inc. ("T.A.G.,

14  Inc.") after granting judgment as a matter of law, the Court erred because it (1) disregarded

15  that T.A.G., Inc. was unrepresented by counsel, and (2) the Court improperly made factual

16  determinations and dismissed Nasiri's claims against T.A.G., Inc.  Mot. at 8, 10.

17      First, the Court addresses Nasiri's arguments about making factual determinations.

18  Upon default, the factual allegations of the complaint control and must be taken as true,

19  except for those allegations relating to the amount of damages.  *TeleVideo Systems, Inc. v.*

20  *Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).  But where a court denies default

21  judgment awaiting completion of trial to prove the merits of the claims, the complaint's

22  allegations must be proved at trial.  *See* 10A Charles Alan Wright, Arthur R. Miller &

23  Mary Kay Kane, Federal Practice and Procedure § 2690, (4th ed. April 2021).  Then, the

24  evidence at trial controls.  *See Davis v. Nat'l Mortgagee Corp.*, 349 F.2d 175, 178 (2d Cir.

25  1965) (where, at close of plaintiff's case, the court "grant[ed] a motion for directed verdict

26  for the defendants, for lack of sufficient evidence to warrant submitting the case to a

---

[1] Pursuant to the nature of the motion, the Court assumes that Nasiri requests to amend the
judgment, as opposed to the jury verdict.

jury.").  Cases should be decided upon their merits whenever reasonably possible.  *Eitel v. McCool*, 782 F.2d 1470, 1472.  Here, although T.A.G., Inc. did not file an operative answer, Nasiri's claims against T.A.G., Inc. failed for lack of supporting evidence which the Court only considered after the full presentation of Plaintiff's case.

Second, a court may rule sua sponte rule on a motion for judgment as a matter of law.  *See Ervco, Inc. v. Texaco Refining Marketing*, 428 F. App'x 725, 727 (9th Cir. 2011); *see also Aetna Cas. & Sur. Co. v. Leahey Const. Co., Inc.* 219 F.3d 519, 546 (6th Cir. 2000); Fed. R. Civ. P. 50(a)(1).  Although Lopez raised a JMOL motion on her own behalf, she did not do so on T.A.G., Inc.'s behalf.  *See* TT Vol. 2, 219:23–220:9 (Lopez argued that "Nasiri has also failed to establish that he was employed by T.A.G. Security, Inc., the corporation, and therefore he cannot maintain his claims against Lopez or Murga under a corporate liability theory.").

Upon reviewing the evidence presented, however, the Court sua sponte dismissed T.A.G., Inc. because it found that a reasonable jury would not have had a legally sufficient evidentiary basis to find for Nasiri on any claim against T.A.G., Inc.  Consistent with Federal Rule of Civil Procedure 50(a), this Court granted judgment as a matter of law sua sponte after Plaintiff's evidence on the issue of liability had been fully heard by the jury.  It is not necessary that T.A.G., Inc. have representation at trial to defeat a court's sua sponte ruling based on the evidence.  Nasiri's argument essentially divests a district court of the power to raise and rule sua sponte on judgment as a matter of law whenever a party is unrepresented before the Court.  Without case law in support of that proposition, the Court declines to alter the judgment on those grounds.

Nasiri further argues that T.A.G., Inc. "should have been adjudged jointly and severally liable with Defendant Murga."  Reply at 3.  Under *Frow v. De La Vega*, a default judgment cannot be entered as to any of the defaulting defendants prior to conclusion of the case on the merits, as long as other defendants remained active litigants in the case.  82 U.S. 552, 554–55 (1972).  The Ninth Circuit has held that the *Frow* rule extends beyond jointly liable co-defendants to those that are "similarly situated," such that the case against

1    each rests on the same legal theory.  *See Garemendi v. Henin*, 683 F.3d 1069, 1082–83

2    (9th Cir. 2012).  But at trial, where evidence does not support liability of certain

3    defendants, a plaintiff cannot obtain default judgment simply because the defendant

4    defaulted and never filed an answer.  *See Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151,

5    154 (3d Cir. 1986) ("[W]"e believe that *Frow* stands for the proposition that if at trial facts

6    are proved that exonerate certain defendants and that as a matter of logic preclude the

7    liability of another defendant, the plaintiff should be collaterally estopped from obtaining a

8    judgment against the latter defendant, even though it failed to participate in the proceeding

9    in which the exculpatory facts were proved."); *see also Davis*, 349 F.2d at 178 (citing

10   *Frow* for the proposition that "[a]s the liability of the defendants would have been joint

11   had any been found, the dismissal of the complaint for lack of proof disposed of the case

12   against all defendants, including the defaulting defendant").

13        Here, Nasiri's evidence at trial proved that neither Lopez nor T.A.G., Inc. were

14   Nasiri's employers.  Although T.A.G., Inc. failed to participate in the proceedings and was

15   not represented by counsel, the facts at trial proved that T.A.G., Inc. could not be held

16   liable for Nasiri's alleged labor code violations because it never employed Nasiri.  To

17   dismiss Lopez based on the same evidence, and not dismiss T.A.G., Inc., would result in

18   an "inconsistent judgment."  *Henin*, 683 F.3d at 1083.  Therefore, the Court did not err in

19   dismissing T.A.G., Inc. or in granting Defendants' JMOL motion.

20        **2.    Nasiri Lacked PAGA Standing**

21        Next, Nasiri argues that he still maintains standing to pursue his alleged PAGA

22   claims against T.A.G., Inc.  Reply at 5.  Nasiri cites *Johnson v. Maxim Healthcare Servs.*

23   in support of his position.  66 Cal. Rptr. 3d 478 (Cal. Ct. App. July 21, 2021).  But

24   *Johnson* holds that where an employee's claims are time-barred, that employee can still be

25   an "aggrieved employee" under PAGA and possess standing to sue for PAGA penalties.

26   66 Cal. Rptr. 3d at 482.

27        The issue in Nasiri's case was not that his claims were time-barred; it was that

28   based on the timing of his *dates of employment*, he was not shown to be an employee of

United States District Court
Northern District of California

T.A.G., Inc.  He also lacks standing to assert PAGA claims on behalf of other employees who worked during a time period arising exclusively after Nasiri's employment with Murga, and for an employer that never employed Nasiri at all (T.A.G., Inc.).  *See* Dkt. No. 250 at 10; *compare Robinson v. S. Ctys. Oil. Co.*, 53 Cal. App. 5th 476, 487 (2020), *review denied* (Nov. 24, 2020) (where the appellate court concluded that plaintiff lacked standing to represent aggrieved employees for violations occurring after the date of his employment because he was not employed by the defendant at that time and was not affected by any of the alleged violations).

Further, Nasiri was not an "aggrieved employee" and thus cannot serve as a PAGA representative for meal and rest break penalties against any defendant, because he did not suffer individual violations for meal break and rest break claims.  *See Magadia v. Wal-Mart Associates, Inc.*, 999 F.3d 668, 678 (9th Cir. 2021); *see also* Dkt. No. 250 at 11.  To the extent the *Johnson* opinion calls into question whether PAGA's standing requirement is dependent on the existence of an unredressed injury, this Court follows the Ninth Circuit's precedent in *Magadia v. Wal-Mart Associates, Inc.*, 999 F.3d 668, 675 (9th Cir. 2021).  Finally, in *Johnson*, "[the plaintiff] remain[ed] an employee of [the defendant] and continue[ed] to be governed by the terms of the Agreement."  66 Cal. App. 5th at 484.  Unlike the plaintiff in *Johnson*, Nasiri is not currently, nor ever was, an employee of T.A.G., Inc. such that he continues to be affected by any alleged labor code violations.  Thus, the Court did not err in finding that Nasiri lacked PAGA standing.

### 3.   The Jury's Verdict Does Not Go Against the Weight of The Evidence

Next, Nasiri argues that the jury's verdict for overtime fails to include Nasiri's owed split shift premiums for working two shifts of eight-hours or more in one day.  Reply at 5.  According to Nasiri, any overtime Murga owed was necessarily the result of working a split shift.  The Court disagrees.  Just because Nasiri has one theory about overtime, does not mean it is the only theory or that his theory is how the jury understood and weighed the evidence.  The Court finds that there are numerous possible explanations for the jury's verdict.  For example, the jury can find an overtime violation because of a single shift, but

1    not find that Nasiri worked a split shift requiring a split shift premium.  The jury may not

2    have found Nasiri's cash app payment and time record evidence on split shifts persuasive,

3    credible, or comprehensible.  But the jury did find Nasiri's other forms of evidence

4    persuasive to support a verdict on overtime violations.  Thus, the Court DENIES Nasiri's

5    request to amend or alter the judgment to include an award for failure to pay split shift

6    premiums.

7           **4.**      **Nasiri's Request Regarding Judgment Debtor Successors Is Premature**

8         Finally, Nasiri argues that pursuant to Cal. Lab. Code § 200.3, the judgment should

9    be amended to add T.A.G. Security Protective Services, Inc., Gabriela Lopez, and Tactical

10    Advance Group, Inc. as judgment debtor successors to Anthony Murga dba T.A.G.

11    Security Protective Services.  Mot. at 13.  California Labor Code section 200.3 provides:

> (a) A successor to a judgment debtor shall be liable for any wages, damages, and penalties owed to any of the judgment debtor's former workforce pursuant to a final judgment, after the time to appeal therefrom has expired and for which no appeal therefrom is pending. Successorship is established upon meeting any of the following criteria:
>
> (1) Uses substantially the same facilities or substantially the same workforce to offer substantially the same services as the judgment debtor. This factor does not apply to employers who maintain the same workforce pursuant to Chapter 4.5 (commencing with Section 1060) of Part 3.
>
> (2) Has substantially the same owners or managers that control the labor relations as the judgment debtor.
>
> (3) Employs as a managing agent any person who directly controlled the wages, hours, or working conditions of the affected workforce of the judgment debtor. The term managing agent has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.
>
> (4) Operates a business in the same industry and the business has an owner, partner, officer, or director who is an immediate family member of any owner, partner, officer, or director of the judgment debtor.
>
> (b) This section shall not be construed to limit other means of establishing successor liability for wages, damages, and penalties.

25    Cal. Lab. Code § 200.3 (West 2021)

26         Here, Nasiri's request is premature according to the statute.  *See* Cal. Lab. Code §

27    200.3(a).  The Court entered final judgment on July 23, 2021, but the time to appeal has

28    not expired.  Federal Rule of Appellate procedure governs the timing for filing a notice of

United States District Court
Northern District of California

1    appeal.  Fed. R. App. P. 4(a)(4)(A).  "If a party files in the district court any of the

2    following motions under the [FRCP]—and does so within the time allowed by those

3    rules—the time to file an appeal runs for all parties from the entry of the order disposing of

4    the last such remaining motion."  *Id.*  A motion to alter or amend the judgment and a

5    motion for new trial under Rule 59 extend the time to file an appeal.  Fed. R. App. P.

6    4(a)(4)(A)(iv), (v).

7         Thus, the time to file an appeal runs from entry of this Court's orders disposing of

8    the last post-judgment motions.  Once the time for appeal expires, Nasiri will have the

9    opportunity to file a noticed motion demonstrating that the appropriate entities qualify as

10   judgment debtor successors to Anthony Murga, dba T.A.G. Security Protective Services.

## II.    MOTION FOR NEW TRIAL

### A.    Legal Standard

13        Under Federal Rule of Civil Procedure 59, a district court has discretion to grant a

14   new jury trial "for any reason for which a new trial has heretofore been granted in an

15   action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  The Ninth Circuit has held

16   that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight

17   of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of

18   justice."  *Molski v. M.J. Cable, Inc.* 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Passantino*

19   *v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000)).

20        Where a movant claims that a verdict is against the clear weight of the evidence, a

21   new trial should be granted where, after giving full respect to the jury's findings, "the

22   judge on the entire evidence is left with the definite and firm conviction that a mistake has

23   been committed."  *Landes Const. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371–72

24   (9th Cir. 1987) (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* §

25   2806, at 48–49 (1973)).  In ruling on a motion for new trial, "[t]he judge can weigh the

26   evidence and assess the credibility of witnesses, and need not view the evidence from the

27   perspective most favorable to the prevailing party."  *Id.* at 1371.  The authority to grant a

28   new trial "is confided almost entirely to the exercise of discretion on the part of the trial

United States District Court
Northern District of California

court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).

### B.   Discussion

In the alternative to amending the judgment, Nasiri moves for a new trial on his claim for split shift premium violations. *See* Mot. at 12.  Nasiri argues that the jury's verdict regarding split shifts is against the weight of the evidence presented at trial.  *Id.* The purpose of bringing this case before a jury was for Nasiri to prove each defendant's level of responsibility for the violations alleged.  *See* Dkt. No. 179 at 1.  But after trial, the clear weight of the evidence does not compel the conclusion that Nasiri worked split shifts, nor that all of his overtime hours were split shifts.

Because the jury's verdict is not against the clear weight of the evidence presented at trial, as described above, Nasiri's motion for a new trial is DENIED.

## III.  CONCLUSION

The Court DENIES Nasiri's motion to alter or amend the judgment.  Additionally, the Court finds that the jury's verdict in Murga's favor on Nasiri's split shift claim is not contrary to the clear weight of the evidence.  Accordingly, Nasiri's motion for a new trial is DENIED.

**IT IS SO ORDERED.**


Dated:  September 16, 2021        _____
                                            NATHANAEL M. COUSINS
                                            United States Magistrate Judge

United States District Court
Northern District of California

9